[136]                    WATSON v. HOEL.

A sheriff in his return to a *fi. fa.*, must particularly specify the different articles upon which he has levied. Nor will he be excused on the allegation that the same articles had been already seized under a prior execution.

---

This was a rule to show cause why Allen, the sheriff of Morris, should not be amerced. It appeared that he had re-

turned the *fi. fa.* to April Term, 1791, and instead of en-
dorsing a particular inventory of the articles upon which he
had levied, he had recited a levy upon one or two specified
articles of property, and added, "and upon all the household
goods, &c., subject to prior executions, value 5s."

*Ea. Boudinot* contended that this was an insufficient and
illegal return, a manifest violation of his duty, and within the
express words and meaning of the act of assembly, requiring
the sheriff to return an inventory, or be subjected to an
amercement. He contended that what was endorsed upon
this writ could not be called an inventory, within the mean-
ing of the act of November 29th, 1788, which would be
evaded and defeated by such limping and imperfect schedules.

*Aaron Ogden,* for the sheriff, said that it appeared that all
the goods of the defendant had been already seized under a
prior execution, and in fact, had been since sold. The seizure
by Allen, therefore, was nugatory. If he had made an in-
ventory, it could have availed the plaintiff nothing. In fact,
after goods or property have been once levied upon under an
execution, there is a lien upon them ; and until this is dis-
charged, they cannot be again seized. Allen, therefore, had
no right to seize and inventory these goods; he has returned
them as subject to prior executions, and it would be transcen-
ding the bounds of his duty, and perhaps the limits of his
authority, to have done anything further. Besides, the sheriff,
in his return, has pursued the customary form of proceeding,
and it may be questioned whether the expression of "house-
hold goods," is too general a description.          ·

*Boudinot,* in reply, said that the practice of the sheriff, on
this point, was in direct violation of a just and politic legis-
lative provision. The act requires an inventory, to prevent
frauds and disputes, as well between creditors as officers.
The *fi. fa.* itself, creates a general lien on the property ; the

Administrators of Phillips v. Hunt et al.

[137] addition of the inventory. is a new provision, designed to secure creditors against embezzlement and frauds.

PER CUR.   Let the sheriff stand amerced in the debt and costs.   The prefacing his return with a few specified items, and concluding generally with a seizure of " all the household goods," which may be worth £1200 or £12, is a direct breach of his duty.   A particular schedule should be returned, or all the frauds will be encouraged which the legislature had it in view to prevent.   A sheriff cannot plead ignorance, nor. can the court allow of such a plea in this case.

Rule absolute.

CITED in Lloyd v. Wyckoff, 6 Hal. 265; Hustick v. Allen, Coxe 169; Todd & Rafferty v. Hoagland, 7 Vr. 355.